BENJAMIN KASSIS (SBN 298844)
bkassis@eisnerlaw.com
ALEXANDRA ACHAMALLAH (SBN 317978)
aachamallah@eisnerlaw.com
EISNER LLP
433 N. Camden Dr., 4th Floor
Beverly Hills, California 90210
Telephone: (310) 855-3200
Facsimile: (310) 855-3201

Attorneys for Plaintiff
GRAZYNA CZERNY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRAZYNA CZERNY, an individual,<br><br>    Plaintiff,<br><br>    vs.<br><br>BENT MYGGEN, an individual,<br><br>    Defendant. | Case No. 2:23-cv-6865<br><br>**COMPLAINT FOR:**<br><br>1. **COPYRIGHT INFRINGEMENT (17 U.S.C. § 106 ET SEQ.)**<br>2. **DECLARATORY RELIEF**<br><br>**DEMAND FOR TRIAL BY JURY** |

Plaintiff Grazyna Czerny, ("Plaintiff" or "Czerny"), for her complaint against Defendant Bent Myggen ("Defendant" or "Myggen"), alleges as follows:

## NATURE OF THIS ACTION

1. On September 26, 2022, Plaintiff registered a copyright with the U.S. Copyright Office, No. PAu004154896, for her award-winning short documentary motion picture, *Candles In The Window* (the "Work"), which tells the story of Plaintiff's experience at the front of the Solidarity Movement in Poland in the 1980s.

2. Despite Plaintiff's exclusive ownership of the Work, Defendant has displayed the Work on his website without authorization for a period of several months, without Plaintiff's consent and despite Plaintiff's demands that he remove the Work from the website. In addition, Defendant has taken the position that Plaintiff is not the exclusive Owner of the Work, and that Defendant has the right to exploit the Work by virtue of Defendant's claimed ownership of the Work and/or the "fair use" doctrine.

3. Through this copyright infringement action, Plaintiff seeks damages for Defendant's infringement of her copyright as well as a declaratory judgment that she owns an exclusive copyright in the Work.

## JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a) because the Court has original jurisdiction over Plaintiff's claim for copyright infringement arising under the United States Copyright Act of 1976, as amended, 17 U.S.C. § 101 *et seq*.

5. The Court has personal jurisdiction over Defendant because, among other things, Defendant resides in, conduct business in, and have continuous and systematic contacts with persons or entities in the state of California.

6. Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims in this action occurred in this district, and each Defendant has substantial and continuous ties to this district.

## THE PARTIES

7. Plaintiff Grazyna Czerny is, and at all relevant times mentioned herein was, an individual residing in the State of California, County of Los Angeles.

8. Defendant Bent Myggen is, and at all relevant times mentioned herein was, an individual residing in the State of California, County of Santa Barbara.

## GENERAL ALLEGATIONS

9. In the 1980s, Plaintiff Grazyna Czerny fought in the Solidarity Movement against the Communist regime in Poland. Her fight against oppression resulted in her imprisonment by the Communists in the 1980s. After aiding the Democratization of Poland, Czerny developed an idea for a documentary film of her life story and began filming it.

10. In or around 2018, Czerny met with her friend David Nygren ("Nygren") to help develop her story. She also met with Birgitte Aarestrup ("Aarestrup"), who agreed to help finance the creation of the Work. Czerny and Nygren, along with their friend Jeffrey Adams ("Adams"), filmed parts of Czerny's story throughout Poland and in other various locations. After creating raw footage, drafting a script, conducting interviews, compiling photos and videos, developing a name for the Work, and of course memorializing Czerny's life story, Czerny sought out an editor to visually sequence the Work on a work for hire basis.

11. In or around 2021, Aarestrup introduced Czerny to Defendant Myggen. Myggen was a local editor and was better known for his music. He was not familiar with the historical background and subject matter of Czerny's Work. Czerny, therefore, educated Myggen regarding the historical events that took place over decades in Eastern Europe so that Myggen could grasp the significance of the Work and better perform his duties as editor.

12. After several days of discussion, Czerny (together with Aarestrup) decided to hire Myggen to edit the Work on a work-for-hire basis, other than with respect to the musical score Myggen would compose for the film (the rights to which

the parties agreed Myggen could keep).

13. On February 28, 2022, Czerny, Aarestrup, and Myggen executed a written agreement setting forth the parties' rights and obligations relating to Myggen's role in the Work (the "Agreement"). The Agreement[1] provides, in relevant part:

> [Defendant Myggen] was HIRED to execute such a thought – and he agreed to do a certain length of Filming of the story.  It was agreed upon that [Myggen] should create his own music to such documentary Film…***the story is [Czerny's] with her sole right to it***…[Myggen] got his payment for the work done…and [Czerny] told her story...the contract is between [Defendant] and [Czerny] with 1/3 to Bent—2/3 to [Ms. Czerny] …
>
> ***The production rights go fully to [Czerny] as is—the music portion is [Myggen's] solo ownership***…[Myggen] is to clarify the ownership and the rights to each material that has been used in the Film, before it can be shown…Should TV, Netflix, or other production use it as is—that part will then be compensated as the above agreement…all [] allowed to show [the Film] to events/people we might see fit for it to be shown to. And if any events might demand that we have to be present to show it we will help each other…
>
> ***[Czerny] shall have the sole rights to use any of the material from the Film to the social medias…The documentary Film can't be shown on any web sites incl. Visionears***[2] and Universal Light till it has been shown to the public either by Film Festival or any other avenues…
>
> ***Bent is to clarify the ownership and the rights to each material that has been used in the film, before it can be shown.***
>
> ***Any future developments of this documentary Film…will be [Czerny's] solo rights with the exception of the music part that will be up for [Myggen] to negotiate.***

(Emphasis added.)

14. According to the Agreement, Myggen was hired primarily to perform editing services and create the music composition for the Work.  Despite that Myggen did ultimately shoot certain interviews for the Work, the Agreement and the parties' contemporaneous understanding confirms the copyright in the completed Work itself

---

[1] The Agreement is attached hereto as Exhibit A.

[2] Upon information and belief, "Visionears" is a company owned and controlled by Myggen.

EISNER, LLP

4
COMPLAINT

(i.e. the final documentary or completed draft thereof) would remain owned exclusively by Czerny, while the discrete copyright to the musical score, and only that, would remain with Myggen—such that, for instance, if Myggen wished to exploit the musical score elsewhere, he would be free to do so.

15.   After filming concluded, Czerny provided the raw footage she had compiled in Poland to Myggen to enable him to edit the footage and compose an appropriate score.  Per the Agreement, Myggen sequenced the raw footage into the Work and composed the music.

16.   Myggen was compensated for his work on the Work, and, per the Agreement, is eligible for additional compensation depending on the extent of commercial success of the Work.

17.   Upon the completion of the Work, Czerny began entering the Work into various film festivals and experienced immediate praise and success.  In June 2022, the Work won "Best Social Justice Short" at the Cannes World Film Festival.  In July 2022, the Work won in several technical categories at the Los Angeles International Film Festival–Indie Short Fest for Best Producer: Grazyna Czerny, Jeffrey Adams, Andrew Kic, David Nygren, Tomasz Radzinski, and Piotr Tomaszkiewicz; the Outstanding Achievement Award in Production Design; and the Outstanding Achievement Award in Editing: Bent Myggen.  In August 2022, the Work won the Silver Award: Short Documentary at the New York Movie Awards.

18.   On September 26, 2022, Czerny registered the Work with U.S. Copyright Office registry, under registration number PAu004154896.

19.   Upon information and belief, from March 2023 until August 2023, Myggen publicly displayed the Work on his website, located at https://visionears.com/, without Czerny's authorization, and despite Czerny's demands that Myggen remove the Work from his website.  (*See* Exhibit B.)

20.   Myggen has now taken the position that he, not Czerny, is the owner and copyright holder of the Work and/or that the Work is covered by the "fair use"

doctrine and therefore Myggen's distribution and exploitation of the Work, including on his website, despite the lack of Czerny's consent, is proper and legally permissible. Plaintiff disputes Myggen's claims.

21. In addition, Myggen has included excessive unauthorized third-party content in the Work published on his website, for which Myggen did obtain license to use, in violation of the Agreement.

22. Czerny seeks judgment from this Court: (i) finding that Myggen has infringed Czerny's copyright in the Work; and (ii) issuing a declaratory judgment that Czerny is the exclusive owner of the Work and the "fair use" doctrine does not apply to the Work.

## FIRST CAUSE OF ACTION

### (Copyright Infringement (17 U.S.C. § 106 *et seq.*))

23. Plaintiff incorporates herein by reference the allegations contained in Paragraphs 1 through 22, inclusive, as though set forth in full.

24. Plaintiff owns a copyright in the documentary motion picture, *Candles In The Window*, which is an original work of authorship that is fixed in tangible media of expression. Thus, Plaintiff holds all rights to any and all distribution, publication, and display of the Work, as well as any and all derivative works. The Work was registered by Plaintiff with the United States Copyright Office on September 26, 2022, located at No. PAu004154896.

25. Plaintiff is informed and believes, and on that basis alleges, that Myggen has prepared, displayed, published, and distributed the Work without Plaintiff's authorization, consent, permission, or license. In so doing, Myggen violated Plaintiff's exclusive right to control distribution and reproduction of the Work, and to create works deriving therefrom, as set forth in 17 U.S.C. § 106. Therefore, Myggen has infringed Plaintiff's rights in the Work under 17 U.S.C. § 501.

26. Myggen's infringement of Plaintiff's copyrighted Work has been committed without Plaintiff's consent for commercial purposes and for Myggen's

financial gain, and to promote Myggen's commercial brand.

27. By virtue of Myggen's infringing acts, Plaintiff is entitled to recover statutory and actual damages, in amount to be proved at trial, Plaintiff's attorneys' fees and costs of suit, and all other relief allowed under the Copyright Act.

## SECOND CAUSE OF ACTION

### (Declaratory Relief)

28. Plaintiff incorporates herein by reference the allegations contained in Paragraphs 1 through 27, inclusive, as though set forth in full.

29. Declaratory relief is available under 28 U.S.C. § 2201 for cases of actual controversy relating to the legal rights and duties of the respective parties. Its purpose is to liquidate doubts with respect to uncertainties or controversies which might otherwise result in subsequent litigation.

30. An actual, substantial, and justiciable controversy has arisen, and presently exists, between Plaintiff and Defendant in that Plaintiff contends that she owns an exclusive copyright in the Work, registered by her with the U.S. Copyright Office on September 26, 2022, under registration number PAu004154896, and Defendant conversely contends that Plaintiff is not the exclusive owner of the Work and that Defendant has the right to distribute the Work without Plaintiff's consent, either by virtue of Defendant's claimed ownership of the Work or pursuant to the "fair use" doctrine.

31. Accordingly, Plaintiff is entitled to a declaration that Plaintiff is the exclusive owner of the copyright in the Work, and Plaintiff seeks that this Court issue a declaratory judgment holding that Plaintiff owns an exclusive copyright in the Work and the "fair use" doctrine does not apply to the Work.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. That Defendant be adjudged to have willfully infringed Plaintiff's copyright in the Work in violation of 17 U.S.C. §§ 106 and 501;

B. That Defendant, as well as all persons acting under Defendant's direction, control, permission, or authority, and all persons acting in concert therewith, be preliminarily and permanently enjoined from infringing Plaintiff's copyright in the Work, including producing, reproducing, preparing, displaying, performing, distributing, or offering for sale the Work or derivative works of the Work;

C. That Defendant be required to account to Plaintiff for all expenses incurred and profits derived from use of the Work and its production, reproduction, preparation, display, performance, and distribution based on the Work in all media, to or from all sources, worldwide, if any;

D. That a declaratory judgment be entered that Plaintiff owns an exclusive copyright in the Work, and Defendant does not hold any copyright in the Work, and that the Work is not covered by the "fair use" doctrine;

E. That Defendant be ordered to pay to Plaintiff all damages that she has sustained, or will sustain, as a consequence of the acts complained of herein, and that Plaintiff be awarded any profits derived by Defendant as a result of said acts, or as determined by said accounting;

F. That Defendant be ordered to pay Plaintiff statutory damages;

G. That Defendant be ordered to pay to Plaintiff the full costs of this action and Plaintiff's reasonable attorneys' fees and expenses;

H. That Defendant be ordered to pay to Plaintiff pre-judgment and post-judgment interest on all applicable damages; and

I. That Plaintiff be awarded any such other and further relief as the court deems just and proper.

DATED:  August 21, 2023               EISNER LLP

By: _____
BENJAMIN KASSIS
ALEXANDRA ACHAMALLAH
Attorneys for Plaintiff
GRAZYNA CZERNY

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues and causes of action triable by a jury.

DATED: August 21, 2023      EISNER LLP

By: _____
BENJAMIN KASSIS
ALEXANDRA ACHAMALLAH
Attorneys for Plaintiff
GRAZYNA CZERNY